Ann D. EWTON, Individually and as Independent Executrix of the Estate of Merle Clement Ewton, D.D.S., Deceased, Appellant,

v.

Dawn GAYKEN, D.D.S., Appellee.

No. 09–03–074 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 16, 2004.

Decided March 4, 2004.

Shawn Casey, Houston, for appellant.

Kelly L. Newman, The Woodlands, Craig Welscher, Welscher Law Firm, Houston, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

The sole issue presented by the appellant, Ann Ewton, contends that the trial court erred in failing to find that she met her preliminary burden for sustaining a bill of review. Ewton had the burden of proving the three elements of a bill of review: (1) a meritorious claim, (2) which she was prevented from making by a mistake or error of the court or a court official in the discharge of official duties, (3) unmixed with any fault or negligence of her own. See Baker v. Goldsmith, 582 S.W.2d 404, 406–07 (Tex.1979). Neither she nor her attorney received actual notice of intent to dismiss the underlying suit for want of prosecution. The clerk did not mail the notice of the signing of the order dismissing the case for want of prosecution. The issue is whether the dismissal occurred due to official mistake unmixed with the negligence of Ewton or her attorney. We hold there is sufficient evidence to support each element of the bill of review, and reverse the judgment.

The underlying dispute arose out of the May 14, 1993 sale of Merle Ewton's dental practice to Dawn Gayken for $221,000. Under the agreement, Gayken signed a $163,000 promissory note and was to pay over to Ewton accounts receivables over the first $25,000 collected. Gayken made only one payment on the note. Claiming the business was not worth $221,000, Gayken sued the Ewtons for deceptive trade practices in December 1993. In January 1995, the Ewtons sued Gayken on the promissory note that Gayken signed in connection with her purchase of the business, for recovery of accounts receivable, and for defamation. After Merle Ewton died in August 1995, Ann Ewton prosecuted the suit in her own behalf and in her capacity as the independent executrix of Merle's estate.

In September 1994, Gayken turned over to the FBI information regarding the Ewtons' practice of "pre-billing" insurance companies for dental work that had not been performed on patients. A federal criminal prosecution ensued. One of the lawyers who handled Ann Ewton's criminal defense testified that the defense lawyers asked the civil attorney to set aside the civil case until after they disposed of the criminal case. In November 1997, Ann pleaded guilty to defrauding insurance companies out of $3,250. She was sentenced and served one year on probation and a $100 fine.

In part, Ewton attributed her failure to pursue her civil claim to medical problems she and family members suffered during the pertinent time period. Merle discovered that he had cancer in 1990. In 1993, he endured cranial surgery for treatment of cancer after which he was no longer able to work. After her husband died, Ewton began caring for her chronically ill daughter, who developed systemic lupus erythematosus. Ann's mother had a stroke and died in May 1997. Ewton suffered from personal medical problems, too, including clinical depression, asthma, carpal tunnel syndrome. Since 1997, she has been physically and mentally unable to pursue her claim against Gayken. Her daughter inquired about the status of the case in late December 2000, after coming across a box of records.

The parties had engaged in settlement negotiations that culminated in a draft settlement agreement in December 1995. The settlement did not materialize, and in January 1998, Ewton's attorney obtained discovery from Gayken and sent Ewton the box of records to review. The attorney handling Ewton's civil litigation moved his office in the spring of 1998. He notified the post office of his change of address, effective March 30, 1998. The lawyer's assistant explained that through an

oversight she failed to notify the Montgomery County courts of the change of address. Gayken's attorney also moved. On April 3, 1998, he filed a notice of change of address in the trial court.

On May 4, 1999, the trial court placed the case on the dismissal docket. The notice was mailed to both attorneys at their old addresses. Both notices were returned to the clerk undelivered. The envelope on the notice that was mailed to Ewton's attorney is stamped with a notation to return to sender, forwarding time expired. The attorney's forwarding address is clearly printed on a label on the envelope. The trial court did not send the notice to the attorney's new address. The trial court dismissed the case for want of prosecution on June 15, 1999. Although the court had both attorneys' new addresses in the file of the case, and both notices had been returned undelivered and placed in the file, no notice of judgment was mailed to either attorney. In January 2001, Ewton's attorney learned that the case had been dismissed for want of prosecution. Ewton filed her bill of review on February 13, 2001.

■ Before a lawsuit may be dismissed for want of prosecution, the trial court must mail notice of its intention to dismiss and the date and place of the dismissal hearing to each attorney of record. TEX.R. CIV. P. 165a(1). Failure to send the Rule 165a notice to the address shown in the file of the case being dismissed meets the second prong of the test for a bill of review. *Osterloh v. Ohio Decorative Prod., Inc.,* 881 S.W.2d 580, 582 (Tex.App.-Houston [1st Dist.] 1994, no writ). Rule 165a(1) also requires the trial court to give notice of the signing of the dismissal order in the manner required by Rule 306a. TEX.R. CIV. P. 165a(1); 306a(3). Failure of the clerk to provide notice of signing of the judgment, as required by Rule 306a(3), is

grounds for granting relief if the other bill of review elements have been met. *Petro-Chemical Transp., Inc. v. Carroll,* 514 S.W.2d 240, 245 (Tex.1974). In *Dickerson v. Sonat Exploration Co.,* 975 S.W.2d 339, 341–42 (Tex.App.-Tyler 1998, pet. denied), the court held that the trial court erred in failing to mail the notice of intent to dismiss to the more recent address included on the lawyer's letterhead instead of to the address listed on the party's live pleading. Although the circumstances surrounding that dismissal are similar to Ewton's case, *Dickerson* is a restricted appeal, not a bill of review. Ewton is not entitled to equitable relief unless she establishes that her negligence did not contribute to the dismissal.

■ Gayken argues that by sending notices to both attorneys of record to the addresses they provided, the district clerk did all that the law requires. Actually, the notice of the dismissal hearing was not sent to either attorney at the most recent address provided by the attorney. Gayken's counsel filed a formal change of address in *Gayken v. Ewton* several months before the notice was mailed to his former address. Ewton's attorney failed to file a formal notice of his change of address to the clerk of the court, but his forwarding address was printed on the envelope when the notice of intent to dismiss was returned to the clerk undelivered. The dismissal hearing was more than a month away when the clerk was provided with notice of the change of address through a mechanism put into motion by counsel. Although the clerk obtained the attorney's new address, neither the notice of intent to dismiss nor the notice of the dismissal for want of prosecution was mailed to that address. Since the Rule 306a notice was not mailed even to the expired address, the negligence of Ewton's attorney certainly did not contribute to the court's error. As

in *Osterloh,* where the lawyer could have updated the Harris County registry of attorneys but did not, that oversight did not negate the fact that the trial court obtained his true address. *Osterloh,* 881 S.W.2d at 582.

■ The trial court also found that Ewton failed to establish a meritorious claim. In a bill of review action, the petitioner's burden in the preliminary hearing is to establish that her claim is not barred as a matter of law or that she is entitled to judgment on retrial if no contrary evidence is offered. *Baker v. Goldsmith,* 582 S.W.2d at 409. Ewton produced a promissory note executed by Gayken and payable to Merle Ewton. It is undisputed that the note is in default. The trial court held that Ewton's federal conviction precluded a showing of a meritorious claim on the promissory note. Ewton pleaded guilty to committing mail fraud in the dental practice for which the promissory is consideration. Thus, one might reasonably anticipate Gayken will present a defense to the action on the note. It does not follow, however, that Ewton is barred from pursuing her action on the note.

We hold that Ann Ewton established a *prima facie* claim in support of her bill of review. The appellant's issue is sustained. The trial court's judgment is reversed. We remand the cause to the trial court for trial on the merits of the bill of review.

REVERSED AND REMANDED.