In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-169 CV


____________________



IN RE DAWN GAYKEN







Original Proceeding






MEMORANDUM OPINION



 In this mandamus proceeding, Dawn Gayken challenges an order denying her
motion to disqualify opposing counsel, a lawyer who was in a firm that formerly
represented her in this case. The trial court found that the motion was filed for dilatory
purposes and that Gayken previously consented to the appearance. The facts of this case
establish neither informed consent by Gayken after adequate disclosure of the conflict of
interest, nor waiver of the right to seek disqualification of opposing counsel. We hold
that, though counsel Thomas Fountain proceeded in good faith, he is disqualified from
representing the real party in interest, Ann D. Ewton. We conditionally grant the relator's
petition for writ of mandamus. 

 The underlying litigation arises from Gayken's purchase of the dental practice of
Merle Clement Ewton, D.D.S. See Ewton v. Gayken, 130 S.W.3d 382, 383 (Tex. App.--Beaumont 2004, pet. denied). Gayken sued Merle Ewton and his wife, Ann D. Ewton,
for deceptive trade practices, and the Ewtons sued Gayken on the promissory note she
executed in connection with the purchase. Id. After Dr. Ewton's death, his widow
prosecuted the suit individually and in a representative capacity. Id. Information provided
to the FBI by Gayken resulted in Ewton's conviction on federal criminal charges. Id. The
trial court dismissed the civil case for want of prosecution. Id. at 384. 

 Ewton filed a bill of review in 2001. Craig Welscher, of the firm Bair & Welscher,
and an associate named Marc Krasney represented Gayken on the bill of review. The firm
dissolved, and Gayken's file remained with Bair, who formed the firm Bair & Fountain
P.C. with Thomas M. Fountain. Krasney appeared in the case while associated with Bair
& Fountain and for several months Bair & Fountain represented Gayken in the bill of
review proceeding. Fountain performed no work in the case. Bair & Fountain got in a
billing dispute with Gayken, and Welscher substituted in as counsel for Gayken in 2002. 
The trial court ruled for Gayken on Ewton's bill of review, and Ewton appealed. On
appeal from the denial of the bill of review, we held that Ewton established a prima facie
claim in support of her bill of review, reversed the trial court's judgment, and remanded
the cause to the trial court for a trial on the merits of the bill of review. Ewton v. Gayken,
130 S.W.3d at 385. 

 In November 2004, Fountain telephoned Welscher and asked if he would object to
Fountain joining Ted Cox as co-counsel of record for Ewton. Welscher told Fountain he
had no objection. Fountain entered an appearance and designation as lead counsel for
Ewton on November 18, 2004, and discovery commenced. While reviewing discovery
with Gayken in late January or in February, 2005, Welscher informed his client that
Fountain was Ewton's lawyer. Gayken recalled that Fountain had been her lawyer and
inquired how a lawyer could represent both sides. She filed a motion to disqualify
Fountain on February 23, 2005. At the first hearing, conducted March 17, 2005, Fountain
argued that he was not disqualified because he had personally performed no work on the
case at Bair & Fountain. At a second hearing conducted April 7, 2005, Fountain argued
that the motion was filed to delay the May trial setting, that Welscher "is presumptively
aware of the things in his file" and that in his capacity as agent for Gayken, Welscher had
consented to Fountain's appearance in the case. Welscher responded that a long period of
time elapsed between the time Bair & Fountain had the file and the time Fountain entered
the case as counsel for Ewton, and he had forgotten that Fountain had been with the firm
while it had the file. The trial court denied the motion to disqualify Fountain. 

 Rule 1.09 of the Texas Rules of Professional Conduct provides the guiding rule and
the relevant considerations for the trial court in determining whether an attorney's
representation of a party in a case presents a conflict of interest with a former client. 
National Med. Enters., Inc. v. Godbey, 924 S.W.2d 123, 132 (Tex. 1996); Tex.
Disciplinary R. Prof'l Conduct 1.09, reprinted in Tex. Gov't Code Ann. tit. 2,
subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). The relator contends
Fountain's representation of Ewton constitutes a violation of Rule 1.09 in that Fountain is
attempting to represent the opposing party in the same suit in which he was once directly
associated with the firm representing the relator. "Without prior consent, a lawyer who
personally has formerly represented a client in a matter shall not thereafter represent
another person in a matter adverse to the former client . . . if it is the same or a
substantially related matter." Tex. Disciplinary R. Prof'l Conduct 1.09(a)(3). There
is an irrebuttable presumption that an attorney gains confidential information on the cases
at the firm where he works. In re Mitcham, 133 S.W.3d 274, 276 (Tex. 2004). (1) The
Rules of Professional Responsibility prohibit Fountain from representing Ewton unless
Gayken consented to the representation. See Tex. Disciplinary R. Prof'l Conduct
1.09(a)(3). 

 It is undisputed that Gayken never personally consented to Fountain's representation
of Ewton. Likewise, it is not clear Fountain mentioned the prior representation to
Welscher when he asked Welscher if he would object to the appearance. Welscher says
he did not recall Fountain's prior association with the case when he and Fountain spoke. 
It is undisputed that Welscher did not consult his client before giving his assent. To
establish consent, Ewton relies upon Welscher's authority to act for his client, Welscher's
forgotten knowledge of Fountain's prior association with the case, and a presumption that
Welscher should be familiar enough with the file that he would recall that some of the
documents in the file were signed by Krasney of Bair & Fountain, P.C. and realize that
the canons of ethics would prohibit Fountain from entering the case without consent. 

 In support of her argument regarding consent, Ewton relies on Davis v. Stansbury,
824 S.W.2d 278, 280-81 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding). In
Davis, the wife retained an attorney, Foster, to represent her in a divorce. The couple
reconciled, then separated. The husband approached Foster's partner, Orsak, with whom
the husband has a social relationship, about representing him in the divorce. The husband
did not tell Orsak that Foster represented the wife in the prior proceeding, and retained
Orsak after a second meeting in which no privileged information was imparted. When
Orsak gave his secretary the retainer check, he learned of the prior representation and
withdrew from the case. The husband then moved to disqualify Foster from representing
the wife. The court of appeals held the trial court abused its discretion by disqualifying
Foster. Id. at 284. The court reasoned that Orsak had followed the relevant rules of
professional conduct and thereby eliminated the conflict. Id. at 283. We fail to see how
this case informs the issue of consent. Moreover, Davis distinguished a case in which the
attorney was disqualified from representation of a subsequent client based on confidential
information obtained from the prior client. Id. at 282, n.2 (distinguishing Clarke v.
Ruffino, 819 S.W.2d 947 (Tex. App.--Houston [14th Dist.] 1991, orig. proceeding [writ
dism'd w.o.j.])). That is the situation we face. 

 This case bears more similarity to In re Posadas USA, Inc., 100 S.W.3d 254, 256
(Tex. App.--San Antonio 2001, orig. proceeding), a case in which attorneys representing
multiple parties recognized a conflict under Rule 1.06, Texas Rules of Professional
Conduct, and sought to withdraw from representing one of the parties. The real parties
in interest argued that the parties must have considered the possibility of a conflict when
they agreed to be represented by one attorney. Id. at 257. There was, however, no
evidence that the parties consented after the conflict arose. Id. at 258. Counsel's action
in filing the motion to withdraw indicated the client did not consent. Id. In our case,
Ewton essentially argues that Welscher must have realized Fountain might have a conflict
of interest because he should have recalled that Fountain was with his former firm while
it represented Gayken. Although Welscher admits he did not object to Fountain handling
the case, it is not clear the issue of prior representation was expressly addressed at that
time. Gayken did not consent to Fountain's representation of Ewton after disclosure of the
relevant circumstances. 

 Comment 10 to Rule 1.09 informs us that "[t]his Rule is primarily for the protection
of clients and its protections can be waived by them. A waiver is effective only if there
is consent after disclosure of the relevant circumstances, including the lawyer's past or
intended role on behalf of each client, as appropriate." Tex. Disciplinary R. Prof'l
Conduct 1.09 cmt. 10. Informed consent is required. During the second hearing,
Fountain suggested Welscher "knew Krasney handled the case after [Bair & Welscher
dissolved] for a couple of months under the name Bair & Fountain, and that's the reason
I called him." In his affidavit, however, and elsewhere in the course of the two hearings,
Fountain said that he, Fountain, was unaware that Bair & Fountain had been involved in
the case. His affidavit says he first became aware of the case in October, 2004. The
affidavit does not say when he learned of his firm's previous representation in the case,
nor does the affidavit say he mentioned that representation when he asked if Welscher had
an objection. Welscher denies he was actually aware of the conflict when he spoke with
Fountain. 

 Ewton contends disqualification is improper because Fountain never personally
worked on the case. Her sole authority for that proposition is a 2002 unpublished case of
the Dallas Court of Appeals. See COC Servs., Ltd. v. CompUSA, Inc., No. 05-01-00865-CV, 2002 WL 1792479 (Tex. App.--Dallas 2002, pet. filed). Unpublished cases have no
precedential value, though they may be cited. Tex. R. App. P. 47.7. The case in question
found a violation of Rule 1.09 but held disqualification to be inappropriate because the
conflicted firm was employed on appeal only; consequently, the Court reasoned, any
information acquired from the former client was no longer confidential. COC Servs., 2002
WL 1792479, at *4. Our case has yet to be tried in the court below, so the irrebuttable
presumption of shared confidences cannot be disregarded. The trial court could not deny
the motion to disqualify on the grounds that Gayken consented to Fountain's appearance
as her counsel, because Gayken did not express her consent to the appearance after
informed disclosure of the resulting conflict of interest. 

 The trial court found that Gayken's motion to disqualify was filed for dilatory
purposes. In considering whether a party waived disqualification, courts consider the
length of time elapsed from when the conflict became apparent to when the motion was
filed. In re Butler, 987 S.W.2d 221, 224-25 (Tex. App.--Houston [14th Dist.] 1999, orig.
proceeding) (two week delay). A party who fails to move to disqualify counsel in a timely
manner waives its complaint. Grant v. Thirteenth Court of Appeals, 888 S.W.2d 466, 468
(Tex. 1994). Fountain entered the case in November, but the conflict did not become
apparent until January or February, and Gayken filed her motion February 23. Courts
addressing various periods of delay have found motions filed within a few months of
discovery to be timely. See Turner v. Turner, 385 S.W.2d 230, 236 (Tex. 1964) (eighteen
month delay waived disqualification); Wasserman v. Black, 910 S.W.2d 564, 569
(Tex.App.--Waco 1995, orig. proceeding) (two month delay did not waive complaint)
(citing Syntek Fin. Corp. v. Metropolitan Life Ins. Co., 880 S.W.2d 26, 34 (Tex. App.--Dallas), rev'd on other grounds, 881 S.W.2d 319 (Tex. 1994) (six week delay did not
waive complaint)); Insurance Co. of North America v. Westergren, 794 S.W.2d 812, 815
(Tex. App.--Corpus Christi 1990, orig. proceeding [leave denied]) (motion timely where
filed two months after issue raised); compare HECI Exploration Co. v. Clajon Gas Co.,
843 S.W.2d 622, 628-29 (Tex. App.--Austin 1992, writ denied) (eleven month delay
supported conclusion that issue was being used as a negotiating tool); Conoco Inc. v.
Baskin, 803 S.W.2d 416, 420 (Tex. App.--El Paso 1991, orig. proceeding) (eleven month
delay from initial alert to potential Rule 1.06 conflict sufficient to support finding of
waiver).

 Ewton argues "it was not the matter of time which passed between knowledge of
the conflict, the consent given, and the filing of the motion that makes it dilatory and
without merit, but rather, the timing of the trial which indicates Relator is solely trying to
keep [Ewton] from her day in court." When Gayken filed her motion, the trial setting was
more than two months away. See Vaughan v. Walther, 875 S.W.2d 690, 691 (Tex. 1994)
(six and one half month delay waived complaint raised on day of final hearing); Enstar
Petroleum Co. v. Mancias, 773 S.W.2d 662, 664 (Tex. App.--San Antonio 1989, orig.
proceeding [leave denied]) (although mandamus issued as to vicariously disqualified
attorney, motion filed on day of trial was untimely as to disqualification of new firm,
where conflict discovered four months earlier). Although Ewton claims Gayken filed her
motion "on the eve of trial," we do not accept this characterization of the circumstances
presented here. The record does not support the finding that the motion was filed for
dilatory purposes.

 Mandamus relief is available to correct a trial court's error in failing to order
disqualification of counsel. In re Epic Holdings, Inc., 985 S.W.2d 41, 54 (Tex. 1998). 
We hold the trial court abused its discretion by denying the relator's motion to disqualify. 
Because we find the petition to have merit, the real party in interest's request for sanctions
is denied. See Tex. R. App. P. 52.11 (court may impose sanctions for filing a petition that
is clearly groundless).

 We conditionally grant mandamus relief. We will issue the writ only if the trial
court does not comply with this Opinion. 

 WRIT CONDITIONALLY GRANTED.

 PER CURIAM

 

Submitted on May 6, 2005

Opinion Delivered June 16, 2005


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. We find the case cited by Ewton to be inapposite. Anderson Producing Inc. v.
Koch Oil Co., 929 S.W.2d 416, 424 (Tex. 1996), concerned the issue of a firm's
disqualification when a member of the firm was disqualified from acting as an advocate
at trial because he became a fact witness. See Tex. Disciplinary R. Prof'l Conduct
3.08. The considerations are quite different where the attorney has changed roles in
litigation, as opposed to changing sides on the case. Of course, the client was not the party
seeking disqualification in Anderson Producing, as the former client is doing in this case. 
Anderson Producing, 929 S.W.2d at 418-20.