NO. 07-06-0379-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 4, 2008
______________________________

DAWN GAYKEN, D.D.S., 

                                                                                                 Appellant

v.

ANN D. EWTON, Individually and as Independent Executor of the
Estate of MERLE CLEMENT EWTON, D.D.S., Deceased, 

                                                                                                 Appellee
_________________________________

FROM THE 248th DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-02-00972-CV; HON. JOHN M. DELANEY, PRESIDING
_______________________________
     
                                                     Memorandum Opinion
                                          ______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          This appeal is the second in this matter. The cause involves a bill of review filed by
Ann D. Ewton, individually and as independent executor of the estate of Merle Clement
Ewton, D.D.S., to negate an order dismissing the underlying suit for want of prosecution. 
Dawn Gayken had sued Ewton for damages arising from the sale of a dental practice. 
Ewton counterclaimed to recover upon a promissory note and the purchase agreement
memorializing the sale. The trial court originally dismissed the bill of review. That
dismissal was appealed, and the reviewing court reversed the order and remanded the
cause after finding that Ewton “established a prima facie claim in support of her bill . . . .” 
Ewton v. Gayken, 130 S.W.3d 382, 385 (Tex. App.–Beaumont 2004, pet. denied). Upon
remand, the trial court granted the bill, reinstated the cause, addressed the merits of the
dispute, and awarded judgment to Ewton. Through this appeal, Gayken again questions
whether her opponent was entitled to prosecute the bill of review. We affirm the decision
of the trial court.
           Issue 1 - Statute of Limitations
          In her first issue, Gayken argues that Ewton was not entitled to prosecute a bill since
she had an adequate remedy at law, that remedy being the initiation of a second suit. 
Such a suit would not have been barred by the six-year statute of limitations allegedly
applicable to promissory notes. Whether that same statute applied to those aspects of
Ewton’s initial suit founded on the purchase agreement as opposed to the promissory note
went unaddressed in her appellant’s brief. We overrule the issue. 
          The standard of review is one of abused discretion. Interaction, Inc. v. State, 17
S.W.3d 775, 778 (Tex. App.–Austin 2000, pet. denied); Nguyen v. Intertex, Inc., 93 S.W.3d
288, 293 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Next, we note that the element
encompassing the absence of legal remedies pertains to the exhaustion of legal remedies
against the former judgment or judgment being attacked. Wembley Inv. Co. v. Herrera, 11
S.W.3d 924, 927 (Tex. 1999); see also Martin v. Martin, 840 S.W.2d 586, 592 (Tex. App.–
Tyler 1992, writ denied) (stating that it must be shown there is an absence of adequate
legal remedies against the judgment under attack). Indeed, it appears that the concept of
adequate legal remedies generally encompasses the availability of a writ of error, a direct
appeal, or a motion for new trial. Hesser v. Hesser, 842 S.W.2d 759, 765 (Tex. App.–
Houston [1st Dist.] 1992, writ denied). Or, as the Supreme Court said in Gold v. Gold, 145
S.W.3d 212 (Tex. 2004), “we have only applied this rule [involving the scope of legal
remedies available] to motions that could have been filed in the trial court’s first
proceeding.” Gold v. Gold, 145 S.W.3d at 214. Filing an independent second suit does
not fall within the ambit of a motion filed in the first proceeding. Consequently, we reject
Gayken’s argument that because Ewton could have filed another suit, she had adequate
legal remedies.



          Issue 2 - Elements of Bill of Review
          Second, Gayken asserts that Ewton failed to address the elements required to
obtain a bill of review. In doing so, she refers to Ewton’s purported failure to plead the
elements of a bill in her petition. However, as already noted, the court of appeals that
heard the first appeal found that Ewton had successfully pled and proven a prima facie
case for a bill of review. See Ewton v. Gayken, 130 S.W.3d at 385. That decision was and
is final, and we will not reconsider contentions that impugn it. Issue two is overruled. 
          Accordingly, the judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice



pillow. During the incident, she averred that Joseph had pulled her
into the closet and locked her in a bear hug with his hand over her mouth while screaming
and threatening to kill her and their sons. She further stated that she kneed him in the
groin and, after he grabbed her leg, she reached for her gun in a shoe case (which she had
just placed in that location that morning) and shot Joseph twice. Two more shots were
fired inadvertently, according to her, after she fell in the outer closet and Joseph lunged at
her. Yet, this testimony and other of its ilk simply raised issues of credibility. And,
selecting the witness and testimony to believe falls within the bailiwick of the jury. For
instance, it was up to that body to decide whether appellant spoke truthfully when she
alleged that the decedent grabbed and screamed at her; again, the neighbor testified that
he heard no noises coming from Joseph except a final grunt. 
          So, based on the entire record before us, we cannot say that the jury’s verdict is
supported by weak evidence or so against the great weight of the evidence as to
undermine our confidence in the outcome. Simply put, the evidence is both legally and
factually sufficient to uphold the verdict, and issues one and two are overruled.
          Issue 3 - Charge Error
          Appellant next complains of the trial court’s failure to make clear to the jury in the
charge on punishment that a finding either for or against sudden passion must be
unanimous per Sanchez v. State, 23 S.W.3d 30, 34 (Tex. Crim. App. 2000). We overrule
the issue. 
          Here, the trial court instructed the jury, via separate paragraphs, about its need to
decide whether or not appellant acted under sudden passion. So too did it inform the jury
of the range of punishment applicable in either situation. It subsequently closed its
instructions by telling the jurors that “[y]our verdict must each be unanimous.” (Emphasis
added). After deliberating, the jury returned one form addressing the matter of sudden
passion and another setting punishment. Under these circumstances, we conclude that
the trial court fulfilled its obligation in question through informing the jury that each verdict
must be unanimous. See Cartier v. State, 58 S.W.3d 756, 760 (Tex. App.–Amarillo 2001,
pet. ref’d) (finding the general instruction that the verdict must be unanimous sufficient to
instruct the jury that its finding on sudden passion must be unanimous).
          Issue 4 - Evidence to Support Sudden Passion
          Finally, appellant argues that the jury finding against sudden passion was in error. 
It is not clear whether appellant is challenging the legal or factual sufficiency of the
evidence or both of them. However, appellant does not prevail under either one, and we
overrule the issue.
           Sudden passion is passion directly caused by and arising out of provocation by the
individual killed which passion arises at the time of the offense and is not solely the result
of former provocation. Tex. Pen. Code Ann. §19.02(a)(2) (Vernon 2003). Next, adequate
cause is cause that would commonly produce a degree of anger, rage, resentment, or
terror in a person of ordinary temper sufficient to render the mind incapable of cool
reflection. Id. §19.02(a)(1). 
          Evidence appears of record that, if believed, could support a finding of sudden
passion. Yet, the very same evidence depicting that appellant did not act in self-defense
also constitutes some evidence that she acted from cool reflection or otherwise planned
the murder. Again, there were no signs of a struggle in the bedroom or closet or on
appellant. Moreover, the only surviving witness at the scene, other than appellant, heard
no screams or threats purportedly uttered by Joseph, only those of appellant. This and
other matter of record tended to contradict appellant’s version of events. 
          As already stated, the jury was free to disbelieve appellant’s story. Even if Joseph
had been abusive to appellant in the past, it had before it some evidence upon which it
could decide, beyond reasonable doubt, that appellant’s actions did not result directly from
or arise out of provocation at the time of the offense. And, we cannot say that the evidence
supporting such a decision was weak or overwhelmed by contrary evidence.
          Having overruled all of appellant’s issues, we affirm the judgment of the trial court.
 
                                                                           Per Curiam
 
Do not publish.