NO. 07-06-0379-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 4, 2008
_____

DAWN GAYKEN, D.D.S.,

Appellant

v.

ANN D. EWTON, Individually and as Independent Executor of the
Estate of MERLE CLEMENT EWTON, D.D.S., Deceased,

Appellee
_____

FROM THE 248th DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-02-00972-CV; HON. JOHN M. DELANEY, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This appeal is the second in this matter. The cause involves a bill of review filed by Ann D. Ewton, individually and as independent executor of the estate of Merle Clement Ewton, D.D.S., to negate an order dismissing the underlying suit for want of prosecution. Dawn Gayken had sued Ewton for damages arising from the sale of a dental practice. Ewton counterclaimed to recover upon a promissory note and the purchase agreement memorializing the sale. The trial court originally dismissed the bill of review. That

dismissal was appealed, and the reviewing court reversed the order and remanded the cause after finding that Ewton "established a *prima facie* claim in support of her bill . . . ." *Ewton v. Gayken*, 130 S.W.3d 382, 385 (Tex. App.–Beaumont 2004, pet. denied). Upon remand, the trial court granted the bill, reinstated the cause, addressed the merits of the dispute, and awarded judgment to Ewton. Through this appeal, Gayken again questions whether her opponent was entitled to prosecute the bill of review. We affirm the decision of the trial court.

*Issue 1 - Statute of Limitations*

In her first issue, Gayken argues that Ewton was not entitled to prosecute a bill since she had an adequate remedy at law, that remedy being the initiation of a second suit. Such a suit would not have been barred by the six-year statute of limitations allegedly applicable to promissory notes. Whether that same statute applied to those aspects of Ewton's initial suit founded on the purchase agreement as opposed to the promissory note went unaddressed in her appellant's brief. We overrule the issue.

The standard of review is one of abused discretion. *Interaction, Inc. v. State,* 17 S.W.3d 775, 778 (Tex. App.–Austin 2000, pet. denied); *Nguyen v. Intertex, Inc.,* 93 S.W.3d 288, 293 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Next, we note that the element encompassing the absence of legal remedies pertains to the exhaustion of legal remedies against the former judgment or judgment being attacked. *Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 927 (Tex. 1999); *see also Martin v. Martin,* 840 S.W.2d 586, 592 (Tex. App.–Tyler 1992, writ denied) (stating that it must be shown there is an absence of adequate legal remedies against the judgment under attack). Indeed, it appears that the concept of

2

adequate legal remedies generally encompasses the availability of a writ of error, a direct appeal, or a motion for new trial. *Hesser v. Hesser,* 842 S.W.2d 759, 765 (Tex. App.–Houston [1st Dist.] 1992, writ denied). Or, as the Supreme Court said in *Gold v. Gold,* 145 S.W.3d 212 (Tex. 2004), "we have only applied this rule [involving the scope of legal remedies available] to motions that could have been filed in the trial court's first proceeding." *Gold v. Gold,* 145 S.W.3d at 214. Filing an independent second suit does not fall within the ambit of a motion filed in the first proceeding. Consequently, we reject Gayken's argument that because Ewton could have filed another suit, she had adequate legal remedies.[1]

*Issue 2 - Elements of Bill of Review*

Second, Gayken asserts that Ewton failed to address the elements required to obtain a bill of review. In doing so, she refers to Ewton's purported failure to plead the elements of a bill in her petition. However, as already noted, the court of appeals that heard the first appeal found that Ewton had successfully pled and proven a *prima facie* case for a bill of review. *See Ewton v. Gayken,* 130 S.W.3d at 385. That decision was and is final, and we will not reconsider contentions that impugn it. Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

---

[1]Furthermore, the record discloses that Ewton was also suing for claims arising under the purchase agreement, not just the promissory note. Since the statute of limitations applicable to suits on a contract is four years, *Via Net v. TIG Ins. Co.,* 211 S.W.3d 310, 315 (Tex. 2006), as opposed to the six applicable to suits on negotiable instruments, Ewton had to vitiate the dismissal if she was to be able to successfully prosecute her contract claims.