NO. 07-08-0488-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 6, 2009

______________________________


In the Interest of K.D.J., a Child

_______________________________


FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 74,123-D; HON. DON R. EMERSON, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant, Raymond Jaramillo, filed a notice of appeal on December 8, 2008.
However, appellant did not pay the $175 filing fee required from appellants under Texas
Rule of Appellate Procedure 5. Nor did it file an affidavit of indigence per Texas Rule of
Appellate Procedure 20.1. By letter from this Court dated December 15, 2008, we
informed appellant that “the filing fee in the amount of $175.00 has not been paid . . . . 
Failure to pay the filing fee within ten (10) days from the date of this notice may result in
a dismissal.” Tex. R. App. P. 42.3(c); see Holt v. F. F. Enterprises, 990 S.W.2d 756 (Tex.
App.–Amarillo 1998, pet. ref’d). The deadline lapsed, and the fee was not received. 
          Because appellant has failed to pay the requisite filing fee as directed by the court,
we dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c). 
 
                                                                           Per Curiam
 
 
 
 
 
 
 
 



                                                                                                 Appellee
_________________________________

FROM THE 248th DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-02-00972-CV; HON. JOHN M. DELANEY, PRESIDING
_______________________________
     
                                                     Memorandum Opinion
                                          ______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          This appeal is the second in this matter. The cause involves a bill of review filed by
Ann D. Ewton, individually and as independent executor of the estate of Merle Clement
Ewton, D.D.S., to negate an order dismissing the underlying suit for want of prosecution. 
Dawn Gayken had sued Ewton for damages arising from the sale of a dental practice. 
Ewton counterclaimed to recover upon a promissory note and the purchase agreement
memorializing the sale. The trial court originally dismissed the bill of review. That
dismissal was appealed, and the reviewing court reversed the order and remanded the
cause after finding that Ewton “established a prima facie claim in support of her bill . . . .” 
Ewton v. Gayken, 130 S.W.3d 382, 385 (Tex. App.–Beaumont 2004, pet. denied). Upon
remand, the trial court granted the bill, reinstated the cause, addressed the merits of the
dispute, and awarded judgment to Ewton. Through this appeal, Gayken again questions
whether her opponent was entitled to prosecute the bill of review. We affirm the decision
of the trial court.
           Issue 1 - Statute of Limitations
          In her first issue, Gayken argues that Ewton was not entitled to prosecute a bill since
she had an adequate remedy at law, that remedy being the initiation of a second suit. 
Such a suit would not have been barred by the six-year statute of limitations allegedly
applicable to promissory notes. Whether that same statute applied to those aspects of
Ewton’s initial suit founded on the purchase agreement as opposed to the promissory note
went unaddressed in her appellant’s brief. We overrule the issue. 
          The standard of review is one of abused discretion. Interaction, Inc. v. State, 17
S.W.3d 775, 778 (Tex. App.–Austin 2000, pet. denied); Nguyen v. Intertex, Inc., 93 S.W.3d
288, 293 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Next, we note that the element
encompassing the absence of legal remedies pertains to the exhaustion of legal remedies
against the former judgment or judgment being attacked. Wembley Inv. Co. v. Herrera, 11
S.W.3d 924, 927 (Tex. 1999); see also Martin v. Martin, 840 S.W.2d 586, 592 (Tex. App.–
Tyler 1992, writ denied) (stating that it must be shown there is an absence of adequate
legal remedies against the judgment under attack). Indeed, it appears that the concept of
adequate legal remedies generally encompasses the availability of a writ of error, a direct
appeal, or a motion for new trial. Hesser v. Hesser, 842 S.W.2d 759, 765 (Tex. App.–
Houston [1st Dist.] 1992, writ denied). Or, as the Supreme Court said in Gold v. Gold, 145
S.W.3d 212 (Tex. 2004), “we have only applied this rule [involving the scope of legal
remedies available] to motions that could have been filed in the trial court’s first
proceeding.” Gold v. Gold, 145 S.W.3d at 214. Filing an independent second suit does
not fall within the ambit of a motion filed in the first proceeding. Consequently, we reject
Gayken’s argument that because Ewton could have filed another suit, she had adequate
legal remedies.



          Issue 2 - Elements of Bill of Review
          Second, Gayken asserts that Ewton failed to address the elements required to
obtain a bill of review. In doing so, she refers to Ewton’s purported failure to plead the
elements of a bill in her petition. However, as already noted, the court of appeals that
heard the first appeal found that Ewton had successfully pled and proven a prima facie
case for a bill of review. See Ewton v. Gayken, 130 S.W.3d at 385. That decision was and
is final, and we will not reconsider contentions that impugn it. Issue two is overruled. 
          Accordingly, the judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice