**Victor HALEY, Relator,**

v.

**Hon. Bennie C. BOLES, Judge of the 123rd District Court of Shelby County, Texas, Respondent.**

**No. 12-91-00226-CR.**

Court of Appeals of Texas, Tyler.

Feb. 18, 1992.

Clayton H. Haley, Center, for relator.

Karren Price, Center, for respondent.

RAMEY, Chief Justice.

It appears that some misunderstanding has arisen over the application of our original opinion, delivered on December 19, 1991; thus, to clarify the original opinion, we withdraw it and substitute the following:

This is an original proceeding in which the Relator, Victor Haley ("Haley"), seeks a writ of mandamus requiring the Respon-

---

dent, Judge Bennie C. Boles, to revoke his order denying Haley's motion to withdraw as appointed defense counsel in a criminal case. We have granted Haley's petition.

On May 8, 1990, Judge Boles notified Haley by letter that he had appointed him to represent Larry Christopher, the defendant in a criminal case in Shelby County, Texas. On October 10, 1990, Haley filed his motion to withdraw as counsel for Christopher. Haley alleged that a conflict of interest arises from his representation of the defendant, because the Shelby County district attorney, Karren Price, is the spouse of Haley's law partner, John Price. On July 17, 1991, Judge Boles denied Haley's motion to withdraw. Haley then filed this mandamus proceeding. There was no response to Haley's petition.

■ Mandamus will lie only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The writ will issue to compel a public official to do a ministerial act, that is, one that is "clear and definite and involves no discretion." *Benavides v. Garcia*, 687 S.W.2d 397, 398 (Tex.App.–Houston [14th Dist.] 1985, orig. proceeding).

■ The propriety of attorneys/spouses representing opposing parties in a criminal trial is one of first impression. It is clear, however, that if there be impropriety in spouses representing adversaries, the disqualification extends to the partners and associates of the spouse. Supreme Court of Texas, Rules Governing the State Bar of Texas, Title 2, Subtitle G—Appendix, art. X sec. 9, Rule 1.06(b)(2) and (f) [TEXAS RULES OF PROFESSIONAL CONDUCT]; Texas Supreme Court Professional Ethics Committee Ops. 419, 243, 187, 132.

As an attorney "conflict of interest" issue, without legal precedent, we look to the TEXAS RULES OF PROFESSIONAL CONDUCT. Its Preamble provides: "7. In the nature of law practice, conflicting responsibilities are encountered. Virtually all difficult ethical problems arise from apparent conflict between a lawyer's responsibilities to clients, to the legal system and to the lawyer's own interests." There is at least the appearance of tension with respect to each of these three areas of responsibility in the case before us.

First, the *client's* interest is a serious concern. Haley is appointed counsel for an indigent criminal defendant. Christopher's right to the services of appointed counsel is one of constitutional dimensions.[1] The indigent defendant, however, does not participate in the selection of the lawyer assigned by the trial court to defend his rights and freedom. The sixth amendment has been interpreted as assuring the right to conflict-free representation. *Glasser v. United States*, 315 U.S. 60, 69–70, 62 S.Ct. 457, 464–65, 86 L.Ed. 680 (1941). We conclude that the Prices' marital relationship creates the appearance of having compromised and limited the defendant's constitutional right to effective assistance of counsel. For this reason alone, Haley's petition must be granted; our ruling here is, therefore, limited to the representation of indigent defendants in criminal cases by court-appointed counsel.

In all other circumstances, wherein the lawyer is retained by a client, the TEXAS CODE OF PROFESSIONAL CONDUCT protects the client's interests:

> The Supreme Court of Texas, Rules Governing the State Bar of Texas, Title 2, Subtitle G—Appendix, art. X, sec. 9, Rule 1.06(c) [Texas Rules of Professional Conduct] provides:
>
> (c) A lawyer may represent a client in the circumstances described in (b) if:
>
> (1) the lawyer reasonably believes the representation of each client will not be materially affected; and
>
> (2) each affected or potentially affected client *consents* to such representation *after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any.*

---

1. The sixth amendment (U.S. Const. amend. VI), which is made obligatory on the states by the fourteenth amendment (U.S. Const. amend. XIV).

(Emphasis added.)

As mentioned, there are other considerations that impact the representation of this indigent defendant by counsel whose partner is married to the prosecuting attorney. These relationships affect our *legal system* itself. The cornerstone of the system is effective, independent representation of the respective litigants by professional counsel. Our concern is further erosion of public confidence in our system. Here, the appearance of independence of the trial counsel is diminished. Furthermore, should the case not be tried, but dismissed or a plea bargain reached, the close personal relationship between the adversaries' lawyers creates at least an appearance that the disposition resulted from less than arm's length negotiations.

Finally, as to the spousal relationship's impact upon the *lawyer's own interests,* we note the effect of the Texas community property laws: one-half of the district attorney's salary becomes a part of the adversary/husband's community estate. Karren Price's prosecutorial success and continued service in that office is beneficial to John Price. Although in no sense do we suggest that this circumstance would affect Mr. Christopher's defense in this case should Haley continue as appointed counsel, adversary representation by the husband's partner and his partner's wife could potentially create the appearance of a conflict of interest, because of its effect upon Haley's partner's personal financial interests. Likewise, it appears inappropriate that the district attorney's community estate should be enhanced by the attorney's fee awarded to the defendant's appointed counsel or his firm.

While in most cases, compliance with the provisions of TEXAS RULES OF PROFESSIONAL CONDUCT Rule 1.06(c) eliminates concerns about conflicts of interests, here Rule 1.06(c) provides no such relief. Even had Christopher affirmatively consented to Haley's continued representation, the above-enumerated concerns would not have been laid to rest. A clear distinction exists between paying clients and indigent defendants. Because paying clients may contract for representation from the lawyer of their choice, they are free to accept or reject representation by a lawyer after having been informed of a conflict of interest. However, an indigent defendant is assigned the lawyer who will represent him. The indigent defendant's consent to continued representation under Rule 1.06(c)(2) does not embody the same degree of free choice as that of the paying client. Therefore, for purposes of the sixth amendment right to conflict-free representation, the solution provided by Rule 1.06(c)(2) will not suffice to alleviate a conflict of interest where the defendant is indigent.

We hold that the Respondent clearly abused his discretion in denying Haley's motion to withdraw as the indigent defendant's counsel. If Haley is required to raise this matter by appeal, his client will have to submit to a trial of this case without the benefit of conflict-free representation. Haley, therefore, does not have an adequate remedy at law.

The writ of mandamus was conditionally granted. On December 27, 1991, Judge Boles vacated his order of July 17, 1991, and timely entered an order consistent with the original opinion. No writ was issued.