**In re POSADAS USA, INC., Bia Acquisitions, Ltd., and Jonathan Hege.**

**No. 04–01–00403–CV.**

Court of Appeals of Texas, San Antonio.

July 31, 2001.

Thomas H. Crofts, Jr., Crofts & Callaway, P.C., Brett T. Reynolds, Ball & Weed, P.C., San Antonio, Thomas C. Wright, The Wright Law Firm, John L. Dagley, Campbell Harrison & Wright, L.L.P., Houston, for appellant.

Arnulfo Gonzalez, Jr., Law Offices of Arnulfo Gonzalez, Laredo, Calixtro Villarreal, Law Offices of Calixtro Villarreal, Jr., Rio Grande City, Francisco Guerra, IV, Alex M. Miller, Watts Law Firm, L.L.P., San Antonio, Richard P. Hogan, Jr., Hogan Dubose & Townsend, L.L.P., Houston, Baldemar Gutierrez, Law Offices of Baldemar Gutierrez, P.C., Alice, Mikal C. Watts, Watts & Heard, L.L.P., Corpus Christi, Dean William Powers, Jr., The University of Texas School of Law, Austin, Eustorgio Perez (ADL), Vela, Perez and Pena (An Association), Laredo, for appellee.

Sitting: PHIL HARDBERGER, Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

Opinion by: KAREN ANGELINI, Justice.

Relators, Posadas USA, Inc., Bia Acquisitions, Ltd., and Jonathan Hege, seek a writ of mandamus ordering respondent, Judge Manuel R. Flores, to vacate his order that denied Posadas' motion to allow their attorneys to withdraw from this case, and directing Judge Flores to grant the motion. Because we conclude that Posadas is entitled to the relief sought, we conditionally grant the writ.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying suit is a wrongful death and survival action, arising from an automobile accident. Jonathan Hege, a bellman at the Holiday Inn in Laredo, was transporting a guest from the hotel to the airport, when the van he was driving crossed the median and struck Sandra C. Garza's vehicle. Garza died as a result of the injuries she sustained in the accident.

Garza's survivors brought suit against Posadas USA, Inc. d/b/a Holiday Inn/Civic Center and Hege ("Posadas"). All three defendants are represented by one law firm. On June 13, 2001, five days before trial, Posadas' counsel filed a motion for continuance and a motion to withdraw from representation of Posadas, claiming he received a communication from his clients which creates an "irreconcilable conflict." After a hearing on June 14, 2001, Judge Flores denied the motions.

## MANDAMUS GENERALLY

Posadas claims here that the trial judge abused his discretion "in refusing to permit the withdrawal of counsel for Defendants/Relators and in refusing to continue the trial setting in this case." A writ of mandamus may be issued to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Issuance of the writ, however, is limited to only those instances in which an adequate remedy by appeal is not available. *Id.* If Posadas was required to raise this matter by appeal, it would have to submit to the trial of this case without the benefit of conflict-free representation. *Haley v. Boles*, 824 S.W.2d 796, 798 (Tex.App.—Tyler 1992, orig. proceeding). Withdrawal of counsel, therefore, is a proper subject of a mandamus proceeding. *Id.; see also National Med. Enter., Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex.1996) (declaring dis-

qualification of an attorney as proper grounds for mandamus).

### MOTION TO WITHDRAW

■ Although the Texas Disciplinary Rules are not controlling standards governing motions to withdraw, they articulate considerations relevant to the merits of such motions. *See Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990) (applying the Rules to motions to disqualify). The moving party bears the burden to establish with specificity a violation of the disciplinary rules. *Id.* Evidence showing a remote possibility of a violation of the rules will not suffice under this standard. *Id.*

■ The propriety of Judge Flores's ruling must be reviewed in terms of Texas Disciplinary Rule of Professional Conduct 1.06(b) and (e), as well as a traditional mandamus standard of review. *Conoco Inc. v. Baskin,* 803 S.W.2d 416, 419 (Tex. App.—El Paso 1991, orig. proceeding). In conducting such a review, we consider: (1) the existence of a reasonable apparent conflict of interest; (2) effective consent by relators to multiple representation; (3) waiver of the complaint by relators; and (4) whether relators would suffer any injury as a result of this conflict. *Id.*

### A. *Whether a Conflict Exists*

Rule 1.06(b) provides that "a lawyer shall not represent a person if the representation of that person ... become[s] adversely limited by the lawyer's or law firm's responsibilities to another client...." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(b)(2), *reprinted in* TEX. GOV'T CODE ANN, tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). "[I]f

multiple representation properly accepted becomes improper under [Rule 1.06(b)], the lawyer shall promptly withdraw from one or more representations to the extent necessary...." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(e); *see* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(e) cmt. 1.

■ The Garzas, real parties in interest here, argue that Posadas' counsel's motion to withdraw failed to show good cause for such withdrawal, as required by Texas Rule of Civil Procedure 10. However, Posadas' counsel testified at an *in camera* hearing,[1] detailing the information received and the resulting conflict. After reviewing the record of the hearing, we hold that the communication does, in fact, create a conflict of interest. Posadas' counsel's possession of this confidential information puts him in a position adverse to his clients. *See Wasserman v. Black,* 910 S.W.2d 564, 568 (Tex.App.—Waco 1995, orig. proceeding). Counsel, therefore, is required to withdraw under Rule 1.06(b) and (e). Such a conflict amounts to "good cause" for an attorney's withdrawal. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(e) (stating "if multiple representation properly accepted becomes improper under this Rule, the lawyer shall promptly withdraw from one or more representations").

### B. *Consent to the Conflict*

■ The Garzas also assert that Posadas "knew when they consented to being represented by one attorney that they could, and probably would, have conflicting interests at some point." Rule 1.06(c) allows an attorney or law firm to continue multiple representation of adversary clients even though his responsibilities to the clients have been limited by a conflict.

---

1. The communication discussed is allegedly protected by the attorney-client privilege and
is, therefore, under seal.

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(c). Continued representation in such circumstances is conditioned on whether the attorney "reasonably believes his representation of each client will not be materially affected and consent is obtained from each client after the full disclosure of the existence, nature, implications and possible adverse consequences of such multiple representation." *Id.* Here, there is no evidence supporting the notion that Posadas consented to the continued representation after the conflict arose. In fact, the record indicates that Posadas' counsel filed the motion very soon after the communication was relayed to him. His actions indicate that Posadas did not consent to continued representation. We cannot find that Posadas consented to continued representations after becoming aware of the conflict.

## C. Waiver of the Conflict

■ The Garzas further argue that Posadas has waived any conflict of interest that might exist because it had knowledge of the information before its counsel filed the motion to withdraw. However, there is no evidence that relators had knowledge of the information at any time before their attorneys moved to withdraw. *But see Conoco Inc.,* 803 S.W.2d at 420 (describing Conoco's knowledge of a possible conflict nearly eleven months before the trial date). Accordingly, waiver is not a sufficient basis upon which Judge Flores could have ruled.

## D. Injury as a Result of the Conflict

■ The Garzas allege that "the injury that [Posadas] could potentially sustain because of any conflict is not appropriate for the extraordinary relief of mandamus." However, as we stated earlier, because a conflict exists, should Posadas be forced to try the case, they would have to submit to the trial without the benefit of conflict-free representation. *Haley,* 824 S.W.2d at 798. "To have an attorney standing in open court before a jury and the public, . . ., attempting to represent conflicting interests creates a situation which should never occur under our adversary system of trying cases." *J.W. Hill & Sons, Inc. v. Wilson,* 399 S.W.2d 152, 154 (Tex.Civ. App.—San Antonio 1966, writ ref'd n.r.e.). We hold mandamus relief is appropriate.

### MOTION FOR CONTINUANCE

■ Finally, the Garzas claim that "even if the trial court improperly denied the motion to withdraw, he still had discretion to deny the motion for continuance." Specifically, they claim that had the relators "spoken truthfully and fully disclosed all information to their attorney, the multiple representation would have never occurred or the withdrawal would have occurred well before trial."

■ The trial court has wide discretion in granting or denying a motion for continuance. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986). When the ground for a continuance is withdrawal of counsel, the movant must show that the lack of counsel is not due to their own fault or negligence. *Id.* When an attorney is permitted to withdraw, the trial court must give the party time to secure new counsel and time for new counsel to investigate the case and prepare for trial. *Id.*

Again, to accept the Garzas' argument that the withdrawal is Posadas' fault would require us to conclude Posadas had knowledge of the information long before counsel filed his motion to withdraw. We cannot reach such a conclusion. Because the withdrawal here is proper, Posadas must be given time to obtain new counsel, who must have time to prepare for trial. *Id.* The trial court abused its discretion in denying the motion for continuance.

## CONCLUSION

Because a conflict exists, Posadas' counsel should have been permitted to withdraw and the trial court abused his discretion in denying the motion to withdraw and the motion for continuance. Accordingly, we conditionally grant Posadas' petition for writ of mandamus. Judge Flores is directed to vacate his orders denying the motion to withdraw and the motion for continuance and to grant Posadas' counsel's motion to withdraw and Posadas' motion for continuance. A writ of mandamus will issue only if Judge Flores fails to comply with these instructions. Our previous stay order is lifted.