**In re Kenneth FIELDS.**

**No. 09–08–193 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted May 5, 2008.

Decided June 12, 2008.

Michael S. Falkenberg, State Counsel for Offenders, Appellate Section, Kyle A. Pinkerton, State Counsel for Offenders, Civil Commitment Section, Huntsville, for relator.

Heather White, Special Prosecution Unit, Civil Division, Gina M. Debottis, Special Prosecution Unit, Civil Division, Huntsville, for real party in interest.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

CHARLES KREGER, Justice.

Kenneth Fields filed a petition for writ of mandamus to compel the trial court to grant his counsel's motion to withdraw and to appoint new counsel to represent Fields in a proceeding to have him committed as a sexually violent predator. We deny the requested relief.

The relator is the subject of a commitment proceeding filed pursuant to Chapter 841 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.150 (Vernon 2003 & Supp. 2007). The State Counsel for Offenders ("SCFO") represents Fields. *See id.* § 841.005. SCFO counsel filed a motion to withdraw as counsel and to appoint outside counsel to represent Fields.[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 841.005(b). Relying on Texas Disciplinary Rule of Professional Conduct 1.09, SCFO counsel argued to the trial court that Fields's civil commitment defense is adverse to SCFO counsel's former client and that the matter is substantially related to the prior litigation. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp. 2007). Counsel informed the trial court that the complaining witness in an "index offense" had been that lawyer's client in a civil suit that was "directly related to the crime." In the order denying the motion to withdraw, the trial court stated that "[b]ased on the statements of [counsel], the court does not perceive that there is such a conflict that an attorney with State Counsel for Offenders is precluded from representing Kenneth Fields."

 Mandamus relief is appropriate when the trial court improperly denies a motion to withdraw based on conflict of interest. *See In re Posadas USA, Inc.,* 100 S.W.3d 254, 258 (Tex.App.-San Antonio 2001, orig. proceeding). In this mandamus petition, Fields argues that two rules of disciplinary conduct disqualify the Office of State Counsel for Offenders from representing him in the civil commitment proceeding. In addition to Rule 1.09, Fields argues the general rule on conflict of interest applies because the representation "reasonably appears to be ... adversely limited by the lawyer's or law firm's responsibilities to another client...." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(b)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005). Fields argues that SCFO counsel's responsibility not to reveal the confidences of his former client creates a conflict of interest that extends to the entire office. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(f). Although the grounds for withdrawal were presented in terms of conflict by reason of prior representation, the possibility that SCFO counsel may have confidential information that would be useful to Fields was brought to the attention of the trial court during the hearing, when SCFO counsel argued that "I would be actually using attorney-client privilege information that I learned from my previous client in this case, thereby violating her attorney-client privilege."

In his mandamus petition, Fields concedes "this is not a disqualification case," but argues that confidential information obtained in representing the same person who is the complaining witness in one of the predicate offenses could prove useful in attacking the assumptions of an expert, in challenging the assumptions contained in police reports relied upon by experts in forming an opinion regarding Fields's be-

---

1. The trial court's order appointing counsel names an attorney other than the one who filed the motion to withdraw. Relator does not explain how or when the attorney asserting the conflict became counsel of record.

havioral abnormalities, in scoring actuarial instruments, and potentially in deposing and cross-examining the former client. The prior representation creates a non-waivable conflict, Fields argues, because "[t]here is more than a reasonable probability that the fact (or not) of the index offense will be a legal issue and provide the factual underpinnings of the case against Relator, which means that there is at least a reasonable probability that confidences gained could be revealed."

Although SCFO counsel suggested that the civil suit in which he represented Fields's victim was substantially related to the civil commitment proceeding against Fields, he provided no information to the trial court regarding that suit. For instance, he did not identify the defendants in the suit, or state what claims and defenses were asserted in that litigation. Therefore, the trial court did not abuse its discretion by declining to find that the two suits were substantially related. *See* Tex. Disciplinary R. Prof'l Conduct 1.09. Furthermore, the index offenses were established through criminal prosecutions that are now final and proof of the convictions will presumably be established through public records filed in those cases. The convictions alleged in the State's petition are aggravated sexual assault and aggravated rape, both of which are defined as sexually violent offenses under section 841.002 of the Texas Health and Safety Code. *See* Tex. Health & Safety Code Ann. § 841.002(8)(A), (F). The truth of the allegations in the criminal prosecution is not at issue, and SCFO counsel failed to provide sufficient information for the trial court to determine that counsel obtained confidential information that relates to whether Fields has a behavioral abnormality that makes it likely that he will commit a sexually violent offense in the future. Accordingly, we hold that the trial court did not abuse its discretion in denying the motion to withdraw filed by counsel and

SCFO and to appoint outside counsel to represent Fields.

We vacate our stay order of May 15, 2008, and deny the petition for writ of mandamus.

PETITION DENIED.

HOLLIS HORTON, Justice, dissenting.

In its opinion, the majority holds that the trial court did not abuse its discretion in refusing to grant the motion to withdraw of Kyle Pinkerton, an attorney employed by the State Counsel for Offenders and Fields's current trial counsel. I disagree with the majority that Pinkerton did not make the necessary showing of a substantial relationship between the current civil commitment proceeding and Pinkerton's prior representation. I would hold that the trial court abused its discretion in declining to grant Pinkerton's request to withdraw that he based on a conflict arising from his representation of one of Fields's former victims.

However, with respect to the motion's request that the judge allow the State Counsel for Offenders to withdraw from assigning an attorney to represent Fields, I agree that Pinkerton's motion presents insufficient information to allow us to conclude on this record that a conflict has arisen of such magnitude that the State Counsel for Offenders could not assign an attorney unburdened with a prior representation to represent Fields in this matter. Because we should *grant relief*, in part, and the majority holds otherwise, I dissent.