In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-193 CV


____________________



IN RE KENNETH FIELDS






Original Proceeding






OPINION


 Kenneth Fields filed a petition for writ of mandamus to compel the trial court to grant
his counsel's motion to withdraw and to appoint new counsel to represent Fields in a
proceeding to have him committed as a sexually violent predator. We deny the requested
relief. 

 The relator is the subject of a commitment proceeding filed pursuant to Chapter 841
of the Texas Health and Safety Code. See Tex. Health & Safety Code Ann. §§ 841.001-.150 (Vernon 2003 & Supp. 2007). The State Counsel for Offenders ("SCFO") represents
Fields. See id. § 841.005. SCFO counsel filed a motion to withdraw as counsel and to
appoint outside counsel to represent Fields. (1) See Tex. Health & Safety Code Ann. §
841.005(b). Relying on Texas Disciplinary Rule of Professional Conduct 1.09, SCFO
counsel argued to the trial court that Fields's civil commitment defense is adverse to SCFO
counsel's former client and that the matter is substantially related to the prior litigation. See
Tex. Disciplinary R. Prof'l Conduct 1.09, reprinted in Tex. Gov't Code Ann., tit. 2,
subtit. G app. A (Vernon Supp. 2007). Counsel informed the trial court that the complaining
witness in an "index offense" had been that lawyer's client in a civil suit that was "directly
related to the crime." In the order denying the motion to withdraw, the trial court stated that
"[b]ased on the statements of [counsel], the court does not perceive that there is such a
conflict that an attorney with State Counsel for Offenders is precluded from representing
Kenneth Fields." 

 Mandamus relief is appropriate when the trial court improperly denies a motion to
withdraw based on conflict of interest. See In re Posadas USA, Inc., 100 S.W.3d 254, 258
(Tex. App.--San Antonio 2001, orig. proceeding). In this mandamus petition, Fields argues
that two rules of disciplinary conduct disqualify the Office of State Counsel for Offenders
from representing him in the civil commitment proceeding. In addition to Rule 1.09, Fields
argues the general rule on conflict of interest applies because the representation "reasonably
appears to be . . . adversely limited by the lawyer's or law firm's responsibilities to another
client . . . ." Tex. Disciplinary R. Prof'l Conduct 1.06(b)(2), reprinted in Tex. Gov't
Code Ann., tit. 2, subtit. G app. A (Vernon 2005). Fields argues that SCFO counsel's
responsibility not to reveal the confidences of his former client creates a conflict of interest
that extends to the entire office. See Tex. Disciplinary R. Prof'l Conduct 1.06(f). 
Although the grounds for withdrawal were presented in terms of conflict by reason of prior
representation, the possibility that SCFO counsel may have confidential information that
would be useful to Fields was brought to the attention of the trial court during the hearing,
when SCFO counsel argued that "I would be actually using attorney-client privilege
information that I learned from my previous client in this case, thereby violating her attorney-client privilege." 

 In his mandamus petition, Fields concedes "this is not a disqualification case," but
argues that confidential information obtained in representing the same person who is the
complaining witness in one of the predicate offenses could prove useful in attacking the
assumptions of an expert, in challenging the assumptions contained in police reports relied
upon by experts in forming an opinion regarding Fields's behavioral abnormalities, in scoring
actuarial instruments, and potentially in deposing and cross-examining the former client. The
prior representation creates a non-waivable conflict, Fields argues, because "[t]here is more
than a reasonable probability that the fact (or not) of the index offense will be a legal issue
and provide the factual underpinnings of the case against Relator, which means that there is
at least a reasonable probability that confidences gained could be revealed." 

 Although SCFO counsel suggested that the civil suit in which he represented Fields's
victim was substantially related to the civil commitment proceeding against Fields, he
provided no information to the trial court regarding that suit. For instance, he did not identify
the defendants in the suit, or state what claims and defenses were asserted in that litigation. 
Therefore, the trial court did not abuse its discretion by declining to find that the two suits
were substantially related. See Tex. Disciplinary R. Prof'l Conduct 1.09. Furthermore,
the index offenses were established through criminal prosecutions that are now final and
proof of the convictions will presumably be established through public records filed in those
cases. The convictions alleged in the State's petition are aggravated sexual assault and
aggravated rape, both of which are defined as sexually violent offenses under section
841.002 of the Texas Health and Safety Code. See Tex. Health & Safety Code Ann. §
841.002(8)(A), (F). The truth of the allegations in the criminal prosecution is not at issue,
and SCFO counsel failed to provide sufficient information for the trial court to determine that
counsel obtained confidential information that relates to whether Fields has a behavioral
abnormality that makes it likely that he will commit a sexually violent offense in the future. 
Accordingly, we hold that the trial court did not abuse its discretion in denying the motion
to withdraw filed by counsel and SCFO and to appoint outside counsel to represent Fields.

 We vacate our stay order of May 15, 2008, and deny the petition for writ of
mandamus.

 PETITION DENIED.

 _______________________________

 CHARLES KREGER

 Justice


Submitted May 5, 2008

Opinion Delivered June 12, 2008


Before McKeithen, C.J., Kreger and Horton, JJ.


DISSENTING OPINION


 In its opinion, the majority holds that the trial court did not abuse its discretion in
refusing to grant the motion to withdraw of Kyle Pinkerton, an attorney employed by the
State Counsel for Offenders and Fields's current trial counsel. I disagree with the majority
that Pinkerton did not make the necessary showing of a substantial relationship between the
current civil commitment proceeding and Pinkerton's prior representation. I would hold that
the trial court abused its discretion in declining to grant Pinkerton's request to withdraw that
he based on a conflict arising from his representation of one of Fields's former victims. 

 However, with respect to the motion's request that the judge allow the State Counsel
for Offenders to withdraw from assigning an attorney to represent Fields, I agree that
Pinkerton's motion presents insufficient information to allow us to conclude on this record
that a conflict has arisen of such magnitude that the State Counsel for Offenders could not
assign an attorney unburdened with a prior representation to represent Fields in this matter. 
Because we should grant relief, in part, and the majority holds otherwise, I dissent. 


 ___________________________

 HOLLIS HORTON

 Justice


Dissent Delivered

June 12, 2008 
1. The trial court's order appointing counsel names an attorney other than the one who
filed the motion to withdraw. Relator does not explain how or when the attorney asserting
the conflict became counsel of record.