In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00202-CV


____________________



IN RE KENNETH FIELDS and THE OFFICE OF THE 


STATE COUNSEL FOR OFFENDERS






Original Proceeding






MEMORANDUM OPINION


 Kenneth Fields and the Office of the State Counsel for Offenders ("SCFO") filed a
petition for writ of mandamus to compel the trial court to grant his counsel's motion to
withdraw and to appoint non-SCFO counsel to represent Fields in Fields's appeal of a
sexually violent predator commitment order. We deny the requested relief. 

 Fields is appealing an order committing Fields as a sexually violent predator. See
Tex. Health & Safety Code Ann. § 841.081 (Vernon Supp. 2008). The SCFO represents
Fields. See id. § 841.005(a). SCFO counsel filed a motion to withdraw as counsel and to
appoint outside counsel to represent Fields in his appeal. (1) See id. § 841.005(b). After
conducting a hearing on the matter, the trial court denied the motion. 

 Mandamus relief is appropriate when the trial court improperly denies a motion to
withdraw based on conflict of interest. See In re Posadas USA, Inc., 100 S.W.3d 254, 256-57 (Tex. App.--San Antonio 2001, orig. proceeding). In this mandamus petition, relators
argue the trial judge did not have the discretion to deny the motion to withdraw when counsel
informed the trial court that Fields had expressed his desire to challenge the effectiveness of
SCFO trial counsel at the commitment hearing. Relators argue that SCFO's representation
of Fields "reasonably appears to be or become adversely limited . . . by the lawyer's or law
firm's own interests." Tex. Disciplinary R. Prof'l Conduct 1.06(b)(2), reprinted in Tex.
Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005). If the representation is adversely
limited by the lawyer's or law firm's own interests, counsel must be permitted to withdraw
unless the client consents to the continued representation. Tex. Disciplinary R. Prof'l
Conduct 1.06(c)(2). The trial court found that SCFO appellate counsel "represented to the
Court that in his opinion the office of State Counsel for Offenders, Civil Division, did not
render ineffective assistance of counsel at trial." (2) 

 Relators argue SCFO appellate counsel cannot effectively represent Fields. In a
criminal case, 

 the proper standard by which to analyze claims of ineffective assistance of
counsel due to a conflict of interest is the rule set out in Cuyler v. Sullivan,
[446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)] that is, the appellant
must show that his trial counsel had an actual conflict of interest, and that the
conflict actually colored counsel's actions during trial. 


Acosta v. State, 233 S.W.3d 349, 356 (Tex. Crim. App. 2007). Of course, Fields's appeal is
a civil case. The extent to which the criminal jurisprudence regarding effectiveness of
counsel will apply in sexually violent predator commitment cases has not yet been
determined. Assuming an actual conflict is required, it was reasonable for the trial court to
determine whether SCFO appellate counsel was required to make a choice between
advancing Fields's interest or advancing the interests of SCFO. See Acosta, 233 S.W.3d at
355. The trial court's directive for appellate counsel to review the appellate record and
determine whether a claim of ineffective assistance of counsel at trial would be arguable was
designed to aid the trial court in determining whether an actual conflict is presented in this
case. Fields did not testify at the hearing regarding his complaints; thus, the trial court could
not determine whether a non-frivolous issue of effectiveness of counsel required appointment
of non-SCFO appellate counsel. 

 To support their argument that the trial court has a ministerial duty to grant the motion
to withdraw and appoint non-SCFO counsel, relators cite a case in which the SCFO conflict
arose due to dual representation of two criminal defendants. See In re Wingfield, 171 S.W.3d
374, 380 (Tex. App.--Tyler 2005, orig. proceeding). In Wingfield, uncontroverted evidence
established the existence of an actual conflict and the petition concerned whether the trial
court adequately resolved the conflict by ordering SCFO to erect a "Chinese Wall" to
separate the two SCFO counsel representing the defendants. Id. at 377. A different situation
was presented to the trial court in this case. Here, the conflict arises, if at all, not from dual
representation but on account of a potential issue of effectiveness of SCFO trial counsel
during the commitment hearing. A potential conflict necessarily arises in every case in which
SCFO provides representation both at trial and on appeal. In determining whether the motion
must be granted, the trial court must determine whether the potential for conflict has matured
into an actual conflict. 

 Before determining that SCFO had an actual conflict that required appointment of
non-SCFO appellate counsel, the trial court required SCFO to review the record and
determine whether a non-frivolous challenge to the effectiveness of trial counsel could be
raised. The record contains absolutely no evidence of how Fields asserts trial counsel's
representation fell below objective standards of professional norms. Absent evidence that
a non-frivolous claim of ineffective assistance may be asserted on appeal, Fields has not
established an actual conflict of interest. Accordingly, relators have not shown that the trial
court abused its discretion. We deny the petition for writ of mandamus.

 PETITION DENIED.

 PER CURIAM

Opinion Delivered July 16, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Fields filed another mandamus petition that also asserted a conflict of interest by
SCFO. See In re Fields, 256 S.W.3d 859 (Tex. App.--Beaumont 2008, orig. proceeding
[mand. denied]). The motion to withdraw at issue in this mandamus petition concerns
representation by a different SCFO attorney. 
2. During the hearing, the trial court asked, "And do you think your office did a good
job, didn't you?" Counsel relied, "I think so. And that would immediately provide a conflict
that would allow him to get new counsel."