Petition for Writ of Mandamus
Denied and Memorandum Opinion filed August 11, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00503-CV

____________

 

IN RE LOUISIANA TEXAS HEALTHCARE MANAGEMENT, L.L.C.
AND MERENSY REEF HOSPITAL CORPORATION, Relators

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

281st District Court

 Harris County, Texas

Trial Court Cause No. 2010-41034

 

 

 



O P I N I
O N

            On June 10, 2011, relators, Louisiana Texas Healthcare
Management, L.L.C. (“LTHM”) and Merensky Reef Hospital Corporation (“MRHC”),
filed a petition for writ of mandamus in this court.  See Tex. Gov’t
Code § 22.221; see also Tex. R. App. P. 52.  Relators complain that
respondent, the Honorable Sylvia Matthews, presiding judge of the 281st District
Court of Harris County, abused her discretion in denying their motion to
disqualify counsel.  A response was filed by the real parties in interest
(“Plaintiffs’ counsel”).  Because the record supports the trial court’s implied
finding that relators waived their right to seek disqualification, we deny the
petition.

           The underlying proceeding is a lender liability lawsuit for
damages by six parties (“Plaintiffs”) against LTHM, MRHC, First National Bank, and
others, alleging plaintiffs are still the owners of LTHM.   Relators moved to
disqualify “all of Plaintiffs’ current counsel and law firms” on the grounds
they have utilized the services of a consulting expert, Dean Ferguson. 
Ferguson is “former general counsel of LTHM and was a counsel to MRHC with
respect to many of the matters and issues before this Court in this lawsuit.” 
Relators rely upon Rule 1.09 of the Texas Disciplinary Rules of Professional
Conduct and seek to extend its application to a lawyer serving as an expert
witness against a former client.[1]
Relators admit Ferguson never acted as an attorney for Plaintiffs.  Following a
hearing, the trial court denied relators’ motion. 

The denial of a motion to disqualify is reviewable by
mandamus.  See National Medical Enterprises, Inc. v. Godbey, 924
S.W.2d 123, 133 (Tex. 1996).  

Waiver of a motion
to disqualify is determined by the filing of the motion. A party who does not
file a motion to disqualify opposing counsel in a timely manner waives the
complaint. Vaughan v. Walther, 875 S.W.2d 690 (Tex.1994) (orig.proceeding). 
In determining whether a party has waived the complaint, the court will
consider the length of time between when the conflict became apparent to the
aggrieved party and when the aggrieved party filed the motion to disqualify. See
Wasserman v. Black, 910 S.W.2d 564, 568 (Tex.App.-Waco 1995, orig.
proceeding).  The court should also consider any other evidence which indicates
the motion is being filed not due to a concern that confidences related in an
attorney-client relationship may be divulged but as a dilatory trial tactic. Spears,
797 S.W.2d at 656.[[2]]

 

In re Murphy,
No. 14-08-01017-CV, 2009 WL 707650, *3 (Tex. App. – Houston [14th Dist.] 2009,
orig. proceeding) (mem. op.).  Factual determinations by the trial court may
not be disturbed by mandamus review if those determinations are supported by
sufficient evidence. See Mendoza v. Eighth Court of Appeals, 917 S.W.2d
787, 790 (Tex.1996) (orig.proceeding).  

It is undisputed that relators first learned Ferguson was
consulting with Plaintiffs’ counsel in discovery responses on or about February
10, 2010.  The motion to disqualify was not filed until March 11, 2011,
thirteen months later.  The issue is when the conflict became apparent to
relators.  If it was in February 2010, the length of the delay in this case is
clearly sufficient to support a finding of waiver.  See HECI Exploration Co.
v. Clajon Gas Co., 843 S.W.2d 622, 628 (Tex. App. – Austin 1992, writ
denied) (trial court did not abuse its discretion in denying motion to
disqualify filed eleven months after conflict became apparent); See Conoco,
Inc. v. Baskin, 803 S.W.2d 416, 420 (Tex. App. – El Paso 1991, no pet.)
(trial judge could have reasonably found waiver of the disqualification where
relators were first advised of a possible conflict nearly eleven months before
the motion to disqualify was filed, and only one and one-half months before the
scheduled trial date); and Enstar Petroleum Co. v. Mancias, 773 S.W.2d
662, 664 (Tex. App. – San Antonio 1989, orig. proceeding) (where conflict
became apparent as early as December 1988 and trial was set for March 1989, a
motion to disqualify the entire firm filed on same date of trial was untimely).

Relators claim they were not aware of the conflict until
February 2011, when “LTHM and MRHC discovered that Ferguson was consulting for
[Plaintiffs’] attorneys on the precise subject matter for which he had
acted as their counsel on February 19, 2011. . ..” [Emphasis added.]  Relators’
reason for not filing the motion to disqualify sooner is that “Prior to February,
2011, neither Relators nor their counsel knew on what subject Ferguson was a
consulting expert for [Plaintiffs’] attorneys.  Relators did not file a motion
to disqualify earlier, because Ferguson’s knowledge gained as general counsel
for RHS, as opposed to his work as general counsel for LTHM or as an attorney
for LTHM and MRHC, would not have been the subject of a privilege that Relators
LTHM and MRHC could assert and could not be a proper ground for a motion to
disqualify.”  

In support, relators cite In re Posadas, USA, Inc.,
100 S.W.3d 254 (Tex. App. – San Antonio 2001, orig proceeding), and In re
Taylor, 67 S.W.3d 530 (Tex. App. – Waco 2002, orig. proceeding), and claim
that “Texas appellate courts have generally followed the principle that a party
cannot waive the right to disqualification of counsel until one has knowledge
of the lawyer’s past and intended role with respect to the relevant parties and
circumstances.”  Neither case supports relators’ position.

We first note that in Posadas, relators sought a writ
directing the trial court to grant a motion to withdraw filed by relators’
attorneys.  Posadas, 100 S.W.3d at 256.  Posadas did not involve
a motion to disqualify, much less disqualify all of the opposing parties’
counsel.  Additionally, the Posadas court found waiver was not a basis
upon which the trial court could have denied the motion because “there [was] no
evidence that relators had knowledge of the information at any time before
their attorneys moved to withdraw.”  Id. at 258.  

In the instant case, relators knew in February 2010 that
Ferguson, general counsel for RHS, general counsel for LTHM, and an attorney
for LTHM and MRHC, was an expert witness for Plaintiffs’ counsel in this suit. 
Unlike Posadas, the record does not establish relators had no knowledge
of the conflict.  

In Taylor, suit was filed on September 17, 2011.  Taylor,
67 S.W.3d at 534.  Relator was served, obtained counsel, and the motion to
withdraw was filed approximately six weeks later on November 30, 2011.  Id. 
The six-week time period alone distinguishes Taylor from the case at
bar.  Further, the court noted the motion was not filed on the eve of any final
hearing or trial date as the case was not even set for trial.  In this case,
trial was set on July 29, 2010, for September 6, 2011.  Although the motion to
disqualify was not filed on the eve of trial, trial had been set and discovery
was ongoing.  See HECI Exploration Co. v. Clajon Gas Co., 843 S.W.2d
622, 628 (Tex. App. – Austin 1992, writ denied) (if relator had been “seriously
concerned,” it would have moved for disqualification before allowing opposing
counsel to depose witnesses and otherwise continue its representation at
defendant’s expense for eleven months).  See also Grant v. Thirteenth Court
of Appeals, 888 S.W.2d 466, 468 (Tex.1994) (orig. proceeding) (untimeliness
of motion to disqualify lends support to suspicion motion is being used as
delay tactic).

At the hearing, Eric Yollick, counsel for First National Bank
and MRHC, testified confidential information pertaining to MRHC was provided to
Ferguson by him and was otherwise obtained by Ferguson.  Duane Rossmann, a
chairman of LTHM and MRHC, testified Ferguson provided legal counsel to LTHM
and MHRC about some of the events at issue in this lawsuit and both LTHM and
MHRC shared confidential information with Ferguson.  Rossmann further testified
that Ferguson is still counsel to LTHM and MHRC on one matter.  According to
Rossmann, Ferguson participated in negotiations between LTHM and First National
Bank.  First National Bank, LTHM, and MRHC are all named defendants in
plaintiffs’ suit.

From the above testimony, the trial court could have rejected
relators’ claim that they were unaware Ferguson’s consult with the opposing
party involved a substantially related matter.  Accordingly, the record
supports a finding that relators became aware of the conflict in February 2010
when they were told Ferguson was an expert for the opposing party.  

Because relators have failed to demonstrate the trial court
abused its discretion in denying their motion to disqualify, they have not established
they are entitled to mandamus relief.  Accordingly, we deny relators’ petition
for writ of mandamus. 

                                                                                                                                                                                                                                    

                                                            /s/        Jeffrey
V. Brown

                                                                        Justice

 

 

 

Panel
consists of Chief Justice Hedges, and Justices Brown, and Christopher.









[1]
Rule 1.09. Conflict of Interest: Former Client

(a) Without prior consent, a lawyer who personally has
formerly represented a client in a matter shall not thereafter represent
another person in a matter adverse to the former client:

(1) in which such other person questions the validity
of the lawyer's services or work product for the former client; 

(2) if the representation in reasonable probability
will involve a violation of Rule 1.05; or 

(3) if it is the same or a substantially related
matter. 

(b) Except to the extent authorized by Rule 1.10, when
lawyers are or have become members of or associated with a firm, none of them
shall knowingly represent a client if any one of them practicing alone would be
prohibited from doing so by paragraph (a).

(c) When the association of a lawyer with a firm has
terminated, the lawyers who were then associated with that lawyer shall not
knowingly represent a client if the lawyer whose association with that firm has
terminated would be prohibited from doing so by paragraph (a)(1) or if the
representation in reasonable probability will involve a violation of Rule 1.05.

Tex. Disciplinary Rules Prof’l Conduct R. 1.09, reprinted
in Tex. Gov’t Code Ann., tit. 2, subtit. G, app A (West Supp. 2008) (Texas
State Bar R. art. X, §9).





[2]
Spears v. Fourth Court of Appeals, 797 S.W.2d 654, 656 (Tex.1990)
(orig.proceeding).