

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00001-CV

**IN THE COMMITMENT** OF Stephen Patrick **BLACK**

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 15-1805-CV
Honorable Gary L. Steel, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed: February 13, 2019

DISMISSED FOR LACK OF JURISDICTION

Appellant seeks to appeal an order denying his request to appoint counsel to represent him other than the Office of State Counsel for Offenders. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.005 (providing for appointment of Office of State Counsel for Offenders to represent indigent person in civil commitment proceeding unless Office of State Counsel for Offenders is unable to represent the indigent person). Texas appellate courts have jurisdiction over final judgments, and such interlocutory orders as the legislature deems appealable by statute. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Wise v. SR Dallas, LLC*, 436 S.W.3d 402, 408 (Tex. App.—Dallas 2014, no pet.). Chapter 841 of the Texas Health and Safety Code governing the appellant's civil commitment proceedings does not contain any provision authorizing an appeal from an order denying a motion for other appointed counsel. *But see In re*

*State*, 556 S.W.3d 821, 822 (Tex. 2018) (reviewing order regarding appointment of counsel under chapter 841 in mandamus proceeding); *In re Fields*, 256 S.W.3d 859, 860 (Tex. App.—Beaumont 2008, orig. proceeding) (same). Accordingly, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

Appellant filed a written response asserting the trial court's order is appealable as a final judgment. However, appellant's motion to appoint counsel was filed on January 5, 2018, and requested the appointment of counsel with regard to his 2018 biennial review. Although the trial court's ruling on the motion to appoint counsel was delayed until December 6, 2018, the order denying the motion to appoint counsel is an interlocutory ruling which arose in the context of the biennial review proceeding, and the legislature has not deemed such an order to be separately appealable. Because we have no jurisdiction to consider an appeal of a trial court's interlocutory order denying a motion to appoint counsel in the context of a biennial review proceeding, this appeal is dismissed for lack of jurisdiction. *But see In re State*, 556 S.W.3d at 822; *In re Fields*, 256 S.W.3d at 860. We express no opinion regarding the appealability of the trial court's biennial review order which issue is pending in appeal number 04-18-00798-CV.

PER CURIAM