

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00150-CR

_____

IN RE THE STATE OF TEXAS EX REL. NOBLE D. WALKER, JR.

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Relator, Noble D. Walker, Jr., in his capacity as Hunt County district attorney and on behalf of the State, has filed a petition for a writ of mandamus, asking this Court to compel the Honorable J. Andrew Bench, presiding judge of the 196th Judicial District Court of Hunt County, Texas, to disqualify a defendant's counsel of choice in a criminal proceeding. According to Walker, the defendant's counsel has a conflict of interest under Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct because, after the defendant allegedly committed an offense, his counsel married a witness the State intends to call. Because the record shows that the defendant was fully informed of the conflict of interest and waived it, we conclude that the trial judge had discretion to deny Walker's motion to disqualify and, as a result, that Walker does not seek to compel a ministerial act. Consequently, we deny Walker's petition for a writ of mandamus.

## I. Factual and Procedural Background

Walker's petition alleges that the defendant has been charged with continuous sexual assault of a young child. After the child's mother informed the child's teacher that the child had made an outcry of sexual abuse, the teacher told the mother that the child had "expressed some reservations" about going to the defendant's house. The teacher also said that she believed the child was truthful.

Later, the teacher married the attorney whom the defendant chose to hire. Alleging that defense counsel had a conflict of interest, Walker sought counsel's disqualification. According to Walker, counsel's representation violates Rule 1.06 of the Texas Disciplinary Rules of

2

Professional Conduct, which states that "a lawyer shall not represent a person if the representation of that person . . . reasonably appears to be or becomes adversely limited by the lawyer's . . . responsibilities to . . . a third person or by the lawyer's . . . own interests." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.06(b)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A. However, the Rule also states that, notwithstanding such a conflict, "[a] lawyer may [still] represent a client" if "(1) the lawyer reasonably believes the representation of each client will not be materially affected" and "(2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.06(c).

The record of the trial court's hearing on Walker's motion to disqualify defense counsel shows that the defendant was well aware of the conflict of interest but adamantly wished to waive it. The trial court went to great lengths to admonish the defendant, and its thorough admonishments spanned several pages of transcript culminating in the following dialogue:

> THE COURT: Sir, you understand - - and I will make a note for the record the Court believes that if [defense counsel]'s wife is called to testify, it will be an actual conflict of interest.
>
> . . . .
>
> THE COURT: . . . As your attorney, [defense counsel] owes you a duty of vigorous partisan advocacy, which means that he must do everything within the bounds of the law, without violating the law, to present your case and to forcefully, and without reservation, attack the State's case, including an attack on the credibility, the memory, and the motives of each witness that is called to testify against you by the State and, if necessary, even witnesses that are called on your behalf. Do you understand what that means?

3

THE DEFENDANT: I do.

. . . .

[THE COURT:] If that happens, you run the risk that [defense counsel] will sacrifice your interests in having conflict-free counsel and in a vigorous, unrestrained, and forceful defense on your behalf in order to serve his personal interests in not embarrassing his wife or, frankly, insinuating to a jury in public that she is a liar or that her memory is faulty. Do you understand that conflict?

THE DEFENDANT: I do.

Even after all the trial court's admonishments, the defendant still wished to continue with the hired counsel of his choice. The trial court found that the defendant, who was an educated aircraft mechanic, intelligently, knowingly, and voluntarily waived the conflict of interest.

## II.    Mandamus Standard

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet his burden to establish entitlement to mandamus relief, the relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). "To satisfy the ministerial-act requirement, the relief sought must be clear and indisputable such that its merits are beyond dispute and there is nothing left to the exercise of discretion or judgment." *In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023) (orig. proceeding).

A clear right to the requested relief is shown when the facts and circumstances require "but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory,

4

constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810) (Tex. Crim. App. 2011) (orig. proceeding)). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

### III. Walker Seeks to Compel a Discretionary Act

"[C]ourts must recognize the Sixth Amendment presumption in favor of counsel of choice . . . ." *Wheat v. United States*, 486 U.S. 153, 154 (1988). "[T]he government bears a heavy burden of establishing that disqualification is justified." *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003). "[W]hen a trial court unreasonably or arbitrarily interferes with the defendant's right to choose counsel, its actions rise to the level of a constitutional violation." *Bowen*, 343 S.W.3d at 812 (quoting *Gonzalez*, 117 S.W.3d at 837).

While the presumption in favor of counsel of choice can be overcome by a showing of a conflict of interest, "courts must exercise caution in disqualifying defense attorneys, especially if less serious means would adequately protect the government's interests." *Id.* at 813 (quoting *Gonzalez*, 117 S.W.3d at 837. That is because "[d]isqualification is a measure that can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings." *In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004) (per curiam) (orig. proceeding).

Because "[d]isqualification is a severe remedy," "'[m]ere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice' to merit disqualification." *Id.* (alterations in original) (quoting *Spears v. Fourth Ct. of Appeals*,

5

797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding)). In other words, "[t]he Texas Disciplinary Rules of Professional Conduct provide 'helpful guidance,' but of themselves 'do not determine whether counsel is disqualified in litigation.'" *In re Meta Platforms, Inc.*, No. 06-23-00045-CV, 2023 WL 3991079, at *2 (Tex. App.—Texarkana June 14, 2023, orig. proceeding) (mem. op.) (quoting *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 57 (Tex. 2019) (orig. proceeding)).

Here, the child's teacher is not a significant witness to the State's case since the record shows that she had no personal knowledge of the offense. Walker's motion for disqualification readily admits that "[t]here is no precedent on this issue" and that he completed "an extensive search of caselaw on this issue, and [could not] find a single case in Texas, or anywhere in American legal history, where the spouse of [a] criminal defense attorney for the case was also a witness in the case." As a result, Walker has cited no case, and we have found none, indicating that a trial court is required to disqualify an attorney who married a witness without personal knowledge of the case after the offense occurred.

Even so, we have guidance on this issue. In *Bowen*, the Texas Court of Criminal Appeals held that a defendant was entitled to counsel of his choice even when his counsel had previously represented the State's principal witness against him—"a jailhouse informant." *Bowen*, 343 S.W.3d at 807. That was because the defendant was informed that his counsel might be hampered in ability to cross-examine his former client and executed proper waiver of the conflict of interest under Rule 1.06(c). *Id.* The Texas Court of Criminal Appeals concluded that the potential for conflict was not serious and that the trial court erred by disqualifying the defendant's counsel of choice. *Id.* at 815–16. The facts of the conflict in this case are even less

serious than the conflict discussed in *Bowen* involving a jailhouse informant because the teacher has less information related to this case. Moreover, "[b]ecause paying clients may contract for representation from the lawyer of their choice, they are free to accept or reject representation by a lawyer after having been informed of a conflict of interest." *Haley v. Boles*, 824 S.W.2d 796, 798 (Tex. App.—Tyler 1992, orig. proceeding).

Given that Walker had to meet a heavy burden to establish defense counsel's disqualification and that there is no caselaw to support disqualification under the facts of this case, it was within the trial court's discretion to conclude that the defendant's waiver of conflict-free counsel was sufficient to permit continued representation by his counsel of choice. As a result, we find that Walker is not seeking to compel a ministerial act and has failed to meet the requirements to obtain mandamus relief.

## IV.  Conclusion

We deny the petition for a writ of mandamus.

Scott E. Stevens
Chief Justice

Date Submitted:     November 14, 2025
Date Decided:       November 17, 2025

Do Not Publish

7